JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARIANA OLAVARRE,

      Plaintiff,

v.

SMITH'S FOOD & DRUG CENTERS, INC.;
DOES I-X, inclusive, and ROE
CORPORATIONS I-X, inclusive,

      Defendants.

CASE NO. 2:17-cv-02455-APG-CWH

**STIPULATION TO EXTEND
DISCOVERY SCHEDULE
(SECOND REQUEST)**

     WHEREAS, the parties have diligently conducted discovery, but an extension of 45-days is required to complete all of the outstanding discovery needed to have the case ready for trial

     IT IS HEREBY STIPULATED AND AGREED by and between ALEX DE CASTROVERDE, ESQ. of DE CASTROVERDE LAW GROUP, Attorneys for Plaintiff MARIANA OLAVARRE, and JERRY S. BUSBY, ESQ. of the law firm COOPER LEVENSON, P.A., Attorneys for Defendant SMITH'S FOOD & DRUG CENTERS, INC. that all discovery deadlines in this matter be continued for a period of 45 days to allow Defendant to take the depositions of Maria Horta and Mariana Ramirez, Plaintiff to take a Rule 30(b)(6) deposition, and for the parties to disclose expert witnesses.

   A. **STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

     1. The parties participated in the Fed. R. Civ. P. 26(f) conference;

     2. Both parties have made their disclosures pursuant to Fed. R. Civ. P. 26.1(a)(1).

     3. Both parties have served and responded to written discovery including interrogatories,

requests for admissions, and requests for production of documents.

4. Plaintiff and Defendant have collected all of Plaintiff's medical records.

5. Defendant has deposed Plaintiff.

6. Plaintiff has deposed the following SMITH'S employee witnesses: David Hahn, Thomas Watanaba and Dorothy Goettelmann. Plaintiff is in the process of noticing a Rule 30(b)(6) deposition.

7. Plaintiff has conducted co-efficient of friction testing at the SMITH'S store where the subject incident occurred.

B. **SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED**

Defendant has noticed the deposition of Maria Horta (a percipient witness who recently was located by a private investigator hired by defense counsel) as well as Plaintiff's daughter and eye-witness, Marianna Olavarre.

Plaintiff is awaiting dates from Defendant regarding the deposition of Defendant's FRCP 30(b)(6) witness. When said dates are received, Plaintiff will be re-noticing the deposition and deposing said witness. Plaintiff has also retained a liability expert. Depending on the opinions of the liability expert, Defendant may retain a rebuttal expert. need to depose some of Plaintiff's treating physicians. The parties will need time to depose each expert, if necessary.

C. **REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE AMENDED DISCOVERY SCHEDULING ORDER**

Maria Horta, who was a private security guard assigned to work at SMITH'S on the day of the incident, was the first individual to respond the scene of the incident. As such, her testimony is extremely valuable to the issues in this case. However, before these proceedings commenced, Ms. Horta ended her employment with the security company she worked for, and nothing about her was known except that her name was "Selena." As it turns out, "Selena" is her middle name and the name she goes by. However, the former security company could not find or locate her with the name

Selena, so they had to look at their payroll records for all security guards assigned to the SMITH'S store where the incident occurred. Once she was identified by the security company, defense counsel retained a Private Investigator who located an address for her; however, the address proved to be an old address. The private investigator finally located Ms. Horta last week.

**D. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines be continued 45 days from their present deadlines.

**1. Discovery Cut-Off Date:** The parties jointly propose that the discovery cut-off date will be extended 45 days from its present deadline of **June 15, 2018 to Monday, July 30, 2018.**

**2. Amending the Pleadings and Adding Parties:** The parties are *not* requesting an extension of this deadline.

**3. Fed.R.Civ.P. 2(a)(2) Disclosures (Experts):** The parties jointly propose that the Initial Expert Disclosure deadline be extended 45 days from its present deadline of **April 16, 2018 to Thursday, May 31, 2018. The Rebuttal Expert Disclosure Deadline** be extended 45 days from its present deadline of **May 16, 2018 to Friday, June 29, 2018.**

**4. Interim Status Report:** Plaintiff filed a Joint Interim Status Report on October 25, 2017 outlining the need for additional discovery and the parties do not intend to file a subsequent report.

**5. Dispositive Motions:** In the event that the discovery period is extended from the discovery cut-off date set forth in the proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended to **August 29, 2018**, thirty-one (31) days after the close of discovery. (The 30 day date is a non-judicial day)

**6. Pretrial Order:** The date for filing the joint pretrial order shall not be later than **September 27, 2018**, 29 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with

the time periods set forth in this paragraph.

       **7.**   **<u>Fed.R.Civ.P. 26(a)(3) Disclosures:</u>** The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

       **8.**   **<u>Alternative Dispute Resolution:</u>** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation. The parties have not scheduled any such ADR forum at this point, but agree to reconsider following the disclosure of expert witness reports and after the close of discovery.

       **9.**   **<u>Alternative Forms of Case Disposition:</u>** The parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

       **10. <u>Electronic Evidence:</u>** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the Pre Trial Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

Respectfully submitted this 29th day of March, 2018.

DE CASTOVERDE LAW GROUP     COOPER LEVENSON, P.A.


/s/ David Menocal                 /s/ Jerry S. Busby, Esq.
DAVID MENOCAL, ESQ.         JERRY S. BUSBY, ESQ.
Nevada Bar No. 0013191         Nevada Bar No. 001107
1149 South Maryland Parkway    1835 Village Center Circle
Las Vegas, Nevada 89104        Las Vegas, Nevada 89134
(702) 383-0606                  (702) 366-1125
Attorneys for Plaintiff          Attorneys for Defendant
MARIANA OLAVARRE       SMITH'S FOOD & DRUG CENTERS, INC.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _March 30, 2018_____